IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JACINTO C.M.,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.<br><br>　　　　　　Respondents. | Case No. 26-cv-01602-SRB-JFD |

### ORDER

Before the Court is Petitioner Jacinto C.M.'s ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"). (Doc. #1.) In part, the Petition alleges that Petitioner "is a resident of Waite Park, Minnesota, and a citizen of Nicaragua." (Doc. #1, p. 1.) Petitioner states that he has been in the United States since 2018. Petitioner provides that ICE arrested him on February 17, 2026.

In an Order dated February 24, 2026, the Court ordered Respondents to file an answer to the Petition on or before February 27, 2026. (Doc. #5.) The Order expressly stated that "Respondents' answer should include . . . [s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (Doc. #4, ¶ 2.) The Order further required Respondents to "attach the warrant to their answer" if one was issued for Petitioner's arrest. On February 27, 2026, Respondents filed an answer which states in part that "[t]his petition raises legal and factual issues similar to those in prior habeas petitions this Court has decided." (Doc. #5, p. 1.) Respondents thus argue that they "assert all arguments raised by the government . . . in *Avila [v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025),]" which is currently pending before the Eighth Circuit Court of Appeals.

(Doc. #5, p. 1.) Respondents' answer does not attach a copy of an affidavit or a copy of an arrest warrant.

This Court finds that because Petitioner is not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to him. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025).

The Court further concludes that immediate release is the appropriate remedy. As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from other districts. *Id*. In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases as Respondents have provided no warrant in support of Petitioner's arrest.

Under these circumstances, and based on a full review of the record, Petitioner is entitled to habeas relief and to be released from detention. Consequently, **IT IS HEREBY ORDERED THAT:**

1. Petitioner Jacinto C.M.'s Petition for Writ of Habeas Corpus (Doc. #1) is **GRANTED**.
2. The Government is **ORDERED** immediately to release Jacinto C.M. from custody but no later than 48 hours from the date of this Order;
3. Prior to Petitioner's release, Respondents must first notify Petitioner's legal counsel within two hours of his impending release and include the location of his release and approximate release time;

4. When Petitioner is released, Respondents must return to him any property, personal effects, and documents that they have taken from him, including identity documents, foreign issued identity documents, and immigration documents;

5. Respondents may not administratively recharacterize the release granted by this Order as grounds to impose conditions or re-impose existing conditions in conjunction with release;

6. The Court **ORDERS** Respondents to notify the Court within 24 hours of Petitioner's release, confirming that the release has occurred. If Petitioner has not been released as ordered, Respondents should immediately notify the Court of when he will be released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: March 2, 2026

*s/Stephen R. Bough*
Stephen R. Bough
United States District Judge